UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **KENNETH PACIOREK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20 CV 400 |
| | ) |
| **SHEILA M MOSS,** | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 11.) For the reasons set forth below, the motion will be granted.

### I.   BACKGROUND

Plaintiff Kenneth Paciorek's *pro se* complaint contains a single allegation: that he was wrongfully "locked up" for nearly a year, beginning in February 2018.[1] (DE # 1 at 2.) The sole defendant named in this suit is Sheila Moss, a judge for the Lake Superior Court of Indiana. While his complaint is brief, Paciorek elaborates on his claims in his response brief to the pending motion to dismiss.[2] He claims that Judge Moss had no

---

[1] It is not clear from the face of the complaint whether Paciorek's detention was civil or criminal in nature, though defendant states that it was a civil detention.

[2] A plaintiff opposing a Rule 12(b)(6) motion to dismiss "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, n.1 (7th Cir. 2012). A "plaintiff need not put all of the essential facts in the complaint but instead may add them by affidavit or brief—even a brief on appeal." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (internal citation and quotation marks omitted). Here, Paciorek's elaboration in his response brief is consistent with his pleadings, and therefore may be considered in ruling on the motion to dismiss.

jurisdiction to "charge" him in four Indiana cases because he lived in Michigan at the time, and Indiana did not follow the warrant procedures set forth in Indiana Code 35-33-2-2. (DE # 20 at 1.) He also claims that Judge Moss should have recused herself due to a conflict of interest. (*Id.*) Finally, Paciorek claims that a variety of his constitutional and procedural rights were violated during the course of the proceedings before Judge Moss. (*Id.* at 1-3.)

Judge Moss now moves to dismiss Paciorek's complaint on the basis that she is entitled to absolute judicial immunity, and for failure to state a claim. (DE # 11.) Because this court finds that Judge Moss is immune from suit, the court need not reach defendant's second argument.

II.   **LEGAL STANDARD**

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

In ruling on the pending motion to dismiss, the court is mindful of plaintiff's *pro se* status. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

2

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, defendant moves to dismiss based on absolute immunity, an affirmative defense. *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010). For dismissal based on an affirmative defense at the pleading stage, it is incumbent on a defendant to show that she has "an airtight defense" on the face of the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

**III.    DISCUSSION**

A judge is entitled to immunity for acts she performed in her judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005)."A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."*Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the

3

action he took was in error, was done maliciously, or was in excess of his authority[.]"[3]

*Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

Judge Moss is immune from this suit. If Judge Moss committed errors, Paciorek's remedy is through an appeal, not a lawsuit against her. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). While Paciorek does not believe that he should have been charged with Indiana offenses while he resided in a different state, there is no reason to believe that Judge Moss "acted in the absence of all jurisdiction" in presiding over Paciorek's cases. *See Polzin*, 636 F.3d at 838. Accordingly, because Judge Moss was acting in a judicial capacity, she is entitled to absolute immunity from civil suit based on her rulings in Paciorek's state cases.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad

---

[3] The Supreme Court has explained the difference between lack of jurisdiction and excess of jurisdiction with the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at n.7.

discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Paciorek could state a viable federal claim against Judge Moss, consistent with the allegations he has already made.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion to dismiss. (DE # 11.) The Clerk is **DIRECTED** to close this case.

                              **SO ORDERED.**

Date: August 11, 2021

                         s/James T. Moody
                         JUDGE JAMES T. MOODY
                         UNITED STATES DISTRICT COURT